**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CORY THOMAS TRACY,

        Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   22-55917

D.C. No. 8:21-cv-01228-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jacqueline Chooljian, Magistrate Judge, Presiding

Submitted November 13, 2023[**]
Pasadena, California

Before:  RAWLINSON, CLIFTON, and HURWITZ, Circuit Judges.

Cory Thomas Tracy (Tracy) appeals the district court's order affirming the

denial by an Administrative Law Judge (ALJ) of Tracy's application for disability

benefits.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  "We review the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and internal quotation marks omitted). Because substantial evidence supports the ALJ's decision that Tracy could perform sedentary work during the alleged disability period of October 2015 to August 2018, we affirm.

**1.** Substantial evidence supports the ALJ's discounting of Tracy's subjective symptom testimony because the ALJ "offer[ed] specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (citation omitted). Tracy testified that he was unable to ambulate throughout the alleged disability period. But, the ALJ found that Tracy's "statements about the intensity, persistence, and limiting effects of [his] symptoms . . . are inconsistent with the record as a whole."

In November 2015, Tracy was able to ambulate with a boot and crutches. By July 2016, he could walk with hiking boots and better tolerate his pain. In 2017, Tracy traveled from California to Ireland and to Montana, and he was back in school and working a few days a week. *See Bray v. Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009) (referencing evidence of seeking employment and an active lifestyle as supporting the ALJ's decision to discount a claimant's symptom

testimony).  These specific findings support the ALJ's conclusion that Tracy's impairments did not rise to a level of severity that would render him unable to maintain any employment.  *See Smartt*, 53 F.4th at 499 ("Even if the claimant experiences some difficulty or pain, [his] daily activities may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. . . .") (citation and internal quotation marks omitted).

2.      The ALJ provided "specific and legitimate reasons that are supported by substantial evidence" for assigning no weight to Dr. Barkow's December 2016 letter.[1]  *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (citations omitted). Dr. Barkow's opinion that Tracy required a wheelchair was inconsistent with Tracy's reported ability to walk without assistance by July 2016 while wearing hiking boots, and with the consulting physicians' opinions that Tracy could stand and walk for two hours per workday, and sit for six hours per workday.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of

---

[1] The Social Security Administration has amended the regulations governing the evaluation of medical evidence for claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Tracy's claim was filed prior to this amendment.

non-treating or non-examining physicians may . . . serve as substantial evidence when the opinions are consistent with . . . other evidence in the record. . . .") (citations omitted).

**AFFIRMED.**